IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | Case No. 2:08cr00008 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SHAWN JABBAR JILES,** ) | |
| Defendant. ) | BY: GLEN M. WILLIAMS |
| ) | SENIOR UNITED STATES DISTRICT JUDGE |

This case is currently before the court on the defendant's Motion For New Trial pursuant to Federal Rule of Criminal Procedure 33, (Docket Item No. 100), ("Motion"), which was filed with this court on June 11, 2009. Upon reviewing the arguments asserted in the Motion, the court is of the opinion that the defendant's Motion must be granted.

Defendant, Shawn Jabbar Jiles, argues that he is entitled to a new trial on the grounds that the government failed to provide the defendant with material information favorable to the defendant, including evidence pertaining to the credibility of a witness when the witness's reliability was dispositive of guilt in violation of *Giglio v. United States,* 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16 and the Constitution of the United States. (Motion at 1.)

On May 28, 2009, a jury convicted Jiles of assaulting a federal officer, in violation of 18 U.S.C. § 111(b). On June 11, 2009, the government notified the court

that it was recently made aware of information concerning a government witness that it had failed to disclose prior to trial, (Docket Item No. 99). On this same date, the government provided defense counsel with a copy of the previously undisclosed material.

It is well-established that a prosecutor's failure to disclose evidence favorable to an accused violates due process and justifies a new trial, irrespective of the good faith or bad faith of the prosecution. *See Brady v. Maryland,* 373 U.S. 83 (1963); *see also* U.S. CONST. amend XIV. Evidence is favorable if it is exculpatory or if it could be used to impeach government witnesses. *See United States v. Ellis*, 121 F.3d 908, 914 (4th Cir. 1997) (citations omitted). In addition, the Supreme Court has held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio,* 405 U.S. at 154 (quoting *Napue v. Illinois,* 360 U.S. 264, 269 (1959)). A due process violation exists only if evidence is material to guilt or punishment. *See Ellis,* 121 F.3d at 914. "[E]vidence is material 'only where there exists a 'reasonable probability' that had the evidence been disclosed the result of the trial would have been different.'" *Ellis*, 121 F.3d at 914. A reasonable probability exists when the probability is "sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

This standard is less than a preponderance and "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley,* 514 U.S. 419, 434

(1995). If the defendant meets the reasonable probability standard, the error cannot be harmless. *See Kyles,* 514 U.S. at 433-34. In performing this reasonable probability analysis, a court should examine the undisclosed evidence item by item, but then must also consider the cumulative effect of all the suppressed evidence, *see Kyles,* 514 U.S. at 436-37; *Ellis,* 121 F.3d at 916, including the effect on the defendant's preparation or trial presentation, *see Bagley*, 473 U.S. at 683.

In *Giglio*, the Supreme Court noted that the government's case depended almost entirely on a witness's testimony and, therefore, such witness's testimony was an important issue in the case. *See Giglio,* 405 U.S. at 154-55. The Supreme Court ultimately held that the government's suppression of such significant impeachment material warranted a new trial. *See Giglio,* 405 U.S. at 155.

In the case at hand, the court notes that a majority of the evidence depends almost entirely on witness testimony, therefore making the credibility of the witnesses a crucial element to the outcome of the case. Despite the government's argument that the defendant presented no evidence other than his own self-serving statements, the nature of this case simply does not allow for the existence of much evidence beyond the testimony of witnesses. Although the government appears to have proven the elements of the crime of assaulting a federal officer pursuant to 18 U.S.C. § 111(b), elements which were not disputed by the defendant, the outcome of this case hinges on the defendant's claim that his actions were justified and taken in self-defense. As a result, only witness testimony can resolve such a factual question, and the credibility of such testimony should be heavily scrutinized.

The previously undisclosed evidence now submitted by the government directly concerns the credibility of one of its testifying witnesses, Officer Deborah Peltier. The information that the government failed to disclose concerns six disciplinary actions filed against the testifying officer from 1995 to 2000, entitled "Unethical/Immoral/Outrageous Behavior," "Unauthorized Dissemination of Official Information," "Misuse of Government-Issued Credit Card," "Inattention to Duty and Failure to Follow Policy," "Providing a False Statement," and "Failure to Pay Just Debts."[1] It is clear from the nature of the disciplinary actions taken against the testifying officer, that the evidence directly concerns the credibility of her testimony regarding the incident and the defendant's claim of self-defense.

At trial, Officer Peltier testified that she was the operations lieutenant on duty the day of the incident, in charge of the entire institution. Much of her testimony related to the time period from when the defendant was placed in the holding cell until the incident in the lieutenant's office, which she personally witnessed, where she stated that the defendant took a swing at Officer Tipton before falling to the floor where the defendant proceeded to bite Officer Tipton's leg in a scuffle that involved four other correctional officers. Therefore, because Officer Peliter's testimony in this case directly describes the incident in question, it should be heavily scrutinized for credibility.

The government argues that each of the four witnesses' testimony corroborated the others and, thus, the testimony of the witness in question was cumulative.

---

[1] These items were filed with the court as Exhibit A. (Docket Item No. 100.) Subsequent to the filing, a motion to file these items under seal was filed. (Docket Item No. 101). This Motion was thereafter granted. (Docket Item No. 103.)

-4-

However, this new, previously undisclosed evidence about one of the testifying officers, coupled with the fact that the government had previously disclosed evidence affecting the credibility of another testifying officer, is enough, in the eyes of the court, to undermine confidence in the outcome of the trial, particularly when that trial is heavily dependant upon witness testimony. It is conceivable that the jury would have come to a different conclusion had it been privy to the impeachment evidence of the government's witness. In addition, the defendant's preparation or trial presentation also would have been different had it been privy to the same information.

The government argues that its failure to provide the witness's history of discipline is harmless error. However, the court finds, pursuant to the standard set forth in *Kyles*, that the defendant has met the reasonable probability standard, and the court believes that the undisclosed evidence is material to the fact finder's determination of whether Jiles's self-defense claim is justified.

Accordingly, after consideration of the arguments asserted by each party, the defendant's Motion is hereby **GRANTED**.

ENTER: This day 24th of July 2009.

/s/ Glen M. Williams
SENIOR UNITED STATES DISTRICT JUDGE