# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:08CR00008 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **SHAWN JABBAR JILES**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Debbie H. Stevens, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, for Defendant.*

In advance of trial, the government has filed a Motion in Limine, seeking to restrict the defendant from impeaching a witness by inquiring about prior conduct that bears on the witness' character for truthfulness. For the reasons that follow, I will deny the motion.

The defendant, Shawn Jabbar Jiles, an inmate at United States Penitentiary Lee County ("USP Lee"), located in this judicial district, is charged with assaulting a federal officer, in violation of 18 U.S.C.A. § 111 (West Supp. 2009). He was previously tried and convicted by a jury of the charge, but a new trial was granted by the court. The government contends that on December 25, 2007, while being questioned by Lieutenant Deborah Peltier, a supervisor at USP Lee, over the alleged

possession of a "shank," or inmate-fashioned knife, Jiles assaulted another correctional officer, Lieutenant Marcus Briggs.  In the altercation, Briggs' suffered a bite wound to his thigh, a broken bone in his hand, and permanent injury to his knee.  On his part, Jiles contends that he and Lt. Briggs lost their balance when Briggs pulled him out of a chair, causing a bookcase to fall on them. According to Jiles, other officers then began to attack him, breaking his nose.  While he admits biting Briggs, he contends that he was acting in self-defense, because the officers were kicking and punching him.

The day of the alleged assault Jiles was working in the prison food service. He became agitated upon learning that a prison chaplain would be unavailable to help him place a Christmas day telephone call to his son. A correctional officer, Officer Tipton, placed him in a holding cell to defuse the situation.  After a while, Officer Tipton returned to release him, and Jiles told him a knife was in the holding cell.  The knife was found, and Jiles was taken to Lt. Peltier's office to be questioned.

At the earlier trial, Lt. Peltier was called as a witness by the government, and testified about what had happened in her office.  In addition, she testified that she herself had searched the holding cell and that there was no knife in the cell before Jiles had been placed in it.

Following Jiles' conviction, the government advised the court that it had failed to disclose to the defense six Bureau of Prisons disciplinary actions filed against Lt. Peltier between 1995 and 2000. Based on this failure, the court granted Jiles a new trial. *United States v. Jiles*, No. 2:08CR00008, 2009 WL 2212152, at *1-3 (W.D. Va. July 24, 2009) (Williams, J.).

In support of its present motion, the government represents that it does not intend to call Lt. Peltier in its case in chief at the upcoming retrial. It seeks an order forbidding the defendant from calling Lt. Peltier and then attempting to impeach her testimony by asking her about the prior disciplinary actions.

Federal Rule of Evidence 607 permits a party to attack the credibility of any witness, including its own, although Rule 607 may not be used as a subterfuge to introduce otherwise inadmissible evidence. For example, a party may not call a witness solely to impeach the witness with a prior inconsistent statement that would otherwise not be admissible as hearsay. *See United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975).

In the present case, however, there is no issue of inadmissable hearsay involved. Lt. Peltier has relevant personal knowledge of the facts, to which she can testify. Whether Jiles possessed a knife is not strictly relevant to whether he is guilty

of assault, but it is part of the surrounding circumstances of the alleged assault.[1] It is fair game for the defendant, if he calls Lt. Peltier as a witness, to attempt to impeach her recollection of the alleged assault, as well as her search of the holding cell, by asking her about prior untruthful conduct.[2]

For these reasons, it is **ORDERED** that the government's Motion in Limine (#137) is DENIED.

ENTER: December 29, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] Jiles was originally indicted for the additional charge of possession of the knife, but the government dropped that charge prior to the first trial.

[2] Of course, only past conduct which concerns a witness' character for truthfulness may be inquired about. Fed. R. Evid. 608(b). In addition, the Rule prohibits the introduction of extrinsic evidence of the witness' past conduct for the purpose of attacking the witness' truthfulness. *Id.*